IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF ARKANSAS
JONESBORO DIVISION

**KENNY HERRON** and **MARY LOU HERRON**,
as Guardians of the Person and Estate of
**CADENCE NEVAEH MCGUIRE**, a minor;
**MARY LOU HERRON**, Adminstratrix of the
Estates of **JESSICA M. MCGUIRE**, and **BRINLEY
M. MCGUIRE**, a minor, and for their Wrongful
Deaths; and **CHARLES JEFF GARDNER,** Administrator
of the Estate of **NICHOLAS MCGUIRE** and for his
Wrongful Death,

    Plaintiffs,

vs.                                                        No. 3:16CV-127-DPM-PSH

**APAC OF TENNESSEE, INC., SUPERIOR
TRAFFIC CONTROL-MEMPHIS, INC., J.E.
PHILLIPS & SONS, INC., BEST TRUCK &
TRAILER, INC., RICHARD CARL ADAMS, and
WABASH NATIONAL CORPORATION a/k/a
and d/b/a WABASH NATIONAL TRAILER
CENTERS, INC.**

    Defendants.

## AGREED PROTECTIVE ORDER

All Parties (the "Parties") in the above-captioned action (the "Action"), through their undersigned attorneys, have represented to the Court and the Court finds that:

    A.    The Parties anticipate the need for discovery, including the production and disclosure of documents, data, and other materials and information, the answering of interrogatories and requests for admission, and the taking of testimony by oral deposition from each other and from third persons;

B.  Some information sought to be produced by the Parties during discovery likely will represent or contain personal health information or confidential research, development, financial, technical, or commercial information including policies and procedures developed for a particular party to this case within the scope and meaning of Fed. R. Civ. P. 26(c)(1)(G); and

C.  The need for prompt and orderly discovery in this proceeding may make it impossible or impracticable for the Parties to ensure that their rights under Fed. R. Civ. P. 26(c)(1)(G) are fully protected at the time that discovery material is produced or disclosed absent an Order from the Court to protect the confidentiality of the materials and information likely to be produced in this Action.

In support of this Order, the Court finds:

1.  <u>Discovery Material</u>. "Discovery Material," as used herein, shall refer to:

   (a)  all deposition or transcribed hearing testimony of the Parties; however, the marking of deposition testimony as "CONFIDENTIAL" shall be limited to areas that specifically quote or discuss areas of "CONFIDENTIAL" testimony or that include the marking of exhibits that are "CONFIDENTIAL;"

   (b)  all documents and other discovery materials produced by any Party (i) in response to any discovery request or initial disclosure requirement, (ii) pursuant to any Order of the Court, or (iii) pursuant to any agreement of the Parties;

   (c)  all deposition or transcribed hearing testimony of any person or entity that is not a party to the action (a "Non-Party"); and,

   (d)  all documents or other information submitted or produced by any Non-Party (i) in response to any subpoena issued in connection with or arising from this

action, (ii) pursuant to any Order of the Court, or (iii) pursuant to any agreement with the Parties, or with any Party.

2. Scope. All Discovery Material disclosed by the Parties and by any Non-Parties to the Action shall be handled by the Parties in accordance with this Agreed Protective Order (the "Order"). This Order does not affect the rights of the Party producing or disclosing Discovery Material to the use of any Discovery Materials it has produced or disclosed.

3. Confidentiality Designation. Any Party producing Discovery Material may designate it with the legend "CONFIDENTIAL." This designation may also be made in the course of depositions or hearings. All "CONFIDENTIAL" designations must be based on the good faith belief that the information constitutes (a) proprietary or sensitive business, personal or financial information; or (b) information subject to a legally protected right of privacy, including personal health information.

4. Undertaking. The Discovery Materials that a party to this Litigation marks as "CONFIDENTIAL" shall be held in confidence by each person to whom they are disclosed according to the procedures set forth in this Order; shall be used only for purposes of preparation and at hearing in this litigation; shall not be used for any business or commercial purpose; and shall not be disclosed to any person who is not authorized to receive it, as provided herein. Confidential Discovery Materials shall be carefully maintained in secure facilities and access shall be permitted only to persons properly having access to it under the terms of this Order. Only the Discovery Materials identified as "CONFIDENTIAL" are to be deemed "CONFIDENTIAL." Any Discovery Materials not identified as

"CONFIDENTIAL" shall not be deemed "CONFIDENTIAL" and do not need to be kept, maintained or segregated as required by this Paragraph.

5.  Manner of Designation.

a.  The designation of Discovery Materials shall be made by written notice in the documents or materials by affixing to it, in a manner that shall not interfere with its legibility, the words "CONFIDENTIAL" on all pages or any part of the document or thing. In the event the phrase "CONFIDENTIAL" cannot be affixed to Discovery Materials, the producing party shall clearly describe the "CONFIDENTIAL" portion of said Discovery Materials in writing to all Parties.

b.  Unless otherwise designated at a deposition or hearing, all deposition and hearing transcripts in this action shall be treated by all Parties as provisionally protected as "CONFIDENTIAL" for a period of fourteen (14) calendar days following receipt of the transcripts. Within the fourteen (14)-day period, any Party may designate particular portions of a transcript as "CONFIDENTIAL" information by giving written notice to every other Party to the action. At the conclusion of the fourteen (14) day period, any testimony not designated as "CONFIDENTIAL" shall lose its "CONFIDENTIALITY" designation. It shall not be appropriate for all of any particular deposition testimony to be marked as "CONFIDENTIAL" as the Parties agree that only the specific portions of the deposition or hearing testimony that include direct discussion of, quotations of or attaching as exhibits "CONFIDENTIAL" documents or information.

6.  Use of and Access to Confidential Information. Except as set forth in this Order or in any subsequent Order, or by express written consent of counsel of

record, no documents, things, or information designated as "CONFIDENTIAL" shall be, directly or indirectly, delivered, exhibited or disclosed to persons other than:

- a. The Court, or any Court personnel;
- b. Court Reporters employed in connection with this action;
- c. Counsel for the parties in this proceeding and other attorneys, paralegals, law clerks, assistants or clerical staff working with those attorneys;
- d. (1) Any person identified from the four corners of the information, document or thing itself as having authored or previously received the information, document or thing; (2) any Party to this action; and (3) any non-Party witness at a deposition, hearing, or trial, if it appears from the face of the document, or from other documents or testimony, to have been used by the witness, received by the witness, or properly communicated to the witness, provided that said witness has executed the attached CONFIDENTIALITY UNDERTAKING;
- e. Any Technical Advisor and Technical Advisor's assistant or staff retained by any Party for the purposes of this action (who shall not be an employee of or a non-litigation consultant to a Party), provided that said Technical Advisors have executed the attached CONFIDENTIALITY UNDERTAKING;
- f. Physicians, consultants or experts retained by the Parties, or the Parties' counsel, and the employees of such consultants or experts, only to the extent reasonably necessary for the prosecution or defense of this action, provided that such consultant or expert has been

informed of this Protective Order and has signed the CONFIDENTIALITY UNDERTAKING attached hereto as Exhibit A; or

g.  Other persons who may be specifically designated by consent of all attorneys of record or pursuant to an order of the Court.

7.  Filing Procedures.

a.  Any Party wishing to file any transcript, chart, brief, affidavit, motion, or other document containing or referring to the content of Discovery Materials designated as "CONFIDENTIAL" shall first attempt to redact the Confidential material from the document and then file the redacted transcript, chart, brief, affidavit, motion, and/or other document with the Court. If redaction is impracticable the Parties may file the Confidential document under seal. Any such transcript, chart, brief, affidavit, motion or other documents will not be automatically sealed. Instead, the filing Party shall file under seal in accordance with applicable law, including the ECF Policies and Procedures of this Court.

b.  Pursuant to Fed. R. Civ. P. 5.2, unless the Court orders otherwise, in an electronic or paper filing with the Court that contains an individual's social-security number, taxpayer-identification number, or birth date, the name of an individual known to be a minor, or a financial-account number, a party or nonparty making the filing may include only: (1) the last four digits of the social-security number and taxpayer-identification number; (2) the year of the individual's birth; (3) the minor's initials; and (4) the last four digits of the financial-account number. The Parties agree to otherwise comply with the requirements of Fed. R. Civ. P. 5.2 in any Court filing.

8. <u>Challenging Confidential Designation</u>. A Party may oppose the designation of protected material at any time before trial in this matter. The Party opposed to the designation shall notify the designating Party or producing Party of the disagreement and attempt to resolve the matter through an in person meet and confer. If the matter cannot be resolved, the opposing Party shall follow the procedures in the Final Scheduling Order for a Discovery Dispute to challenge the designation, found at pages 3-4 of the Final Scheduling Order (D.E. 35). Until the matter is resolved by the Court, all documents and materials with which a confidential designation is being challenged shall be treated in the confidential manner that they have been designated by the producing or designating Party as prescribed in this Order. Upon request, the Court may at any time examine and review *in camera* any document governed by the terms of this Order. The Parties shall take all reasonable efforts to resolve any disputes.

9. <u>Inadvertent Production of Confidential Documents</u>. This provision is meant to track Federal Rule of Evidence 502(b). The inadvertent production of any confidential, privileged or attorney work product documents shall be without prejudice to any claims that the document is confidential or privileged, and shall constitute neither a waiver of any claim or privilege that may otherwise attach thereto nor a general waiver of such claim or privilege. If confidential information is produced, the designating person shall provide to all other Parties notice, either orally followed by written notice within five (5) business days or by written notice, of that subsequent designation and a copy of the document or thing marked in accordance with this paragraph. Upon demand of the producing Party, all copies of any inadvertently produced document shall be promptly returned, and the

documents shall not be introduced into evidence, or subject to production, in this or any other proceeding without the consent of the producing Party.

10. <u>Limitations to Application.</u> The restrictions set forth in any of the paragraphs hereof with respect to information, documents, or things designated as "CONFIDENTIAL" shall not apply to:

    a. Any information, document, or thing which at the time of disclosure to a receiving Party is in the public domain;

    b. Any information, document, or thing which after disclosure to a receiving Party becomes part of the public domain as a result of publication not involving a violation of this Order;

    c. Any information, document, or thing which a receiving Party can show was received by it, whether before or after the disclosure, from a source who obtained the information lawfully and under no obligation of confidentiality to the producing Party; or

    d. Any information, documents, or things which a receiving Party created from memory or from sources other than the other Party.

11. <u>Consent.</u> Each Party consents to the submission of this Proposed Order to the Court at any time during the pendency of the Action. Once the Order is submitted to the Court, the Parties shall fully abide by its terms until it is entered by the Court.

12. <u>No Waiver.</u> Nothing contained in this Order shall be deemed a waiver of any privilege or immunity or to affect in any way the admissibility of any document, testimony, or other evidence at trial. The provisions of this Order are without prejudice to the right of any Party or other person to seek other or

additional protection from the Court for any documents or information believed to not be adequately protected by the provisions of this Order.

13. <u>Use of Information</u>. Nothing in this Order shall be construed to limit the Parties' use of "CONFIDENTIAL" Discovery Material in the Action in any manner consistent with the above, or to preclude the Parties from raising valid objections, other than confidentiality, with respect to production and/or disclosure of any Discovery Material.

14. <u>Notice of Demand for Production</u>. Nothing in this Order shall prevent any Party from producing any "CONFIDENTIAL" Discovery Material in its possession to a governmental department or agency in response to a lawful subpoena or other compulsory process from the department or agency; <u>provided</u> that any Party receiving a subpoena calling for "CONFIDENTIAL" Discovery Material or other compulsory process shall give the other Party at least seven (7) business days' notice prior to the return date or, if the subpoena or process has a return date within fewer than seven (7) business days, written or telephonic notice shall be given as soon as possible and in any event no later than forty-eight (48) hours prior to the return date.

15. <u>Modification of Order</u>. Nothing in this Order shall preclude any modification of this Order by written agreement of the Parties, or shall preclude either Party from applying to this Court for an Order modifying this Order, in the event that the Order is filed with the Court at any time during the pendency of the Action.

16. <u>Final Disposition</u>. Within ninety (90) days of the conclusion of this action, including any appeals, all "CONFIDENTIAL" information furnished

pursuant to the terms of this Order, and any notes reflecting "CONFIDENTIAL" information and all copies thereof, which are not in the custody of the Court, shall be returned to the Party furnishing that information or be destroyed (and certified by affidavit as having been destroyed) by the Party in possession thereof, provided that counsel for the parties may retain their notes and any work product materials.

17. <u>Sunset Provision</u>. The provisions of this Order shall continue to be binding, except with respect to those documents and information that become a matter of public record, until one year after the complete resolution of this litigation and any subsequent appeals. This Court retains and shall have continuing jurisdiction over the parties and recipients of the Protected Documents for enforcement of the provisions of this Order during that period.

**IT IS SO ORDERED** this 24th day of April, 2017.

*DPMarshall Jr.*
HON. D.P. MARSHALL, JR.
UNITED STATES DISTRICT JUDGE

**EXHIBIT A**

**<u>CONFIDENTIALITY UNDERTAKING</u>**

I, _____, hereby acknowledge that I have read the foregoing Stipulation and Order of Confidentiality (the "Order"), in the action captioned <u>Kenny Herron and Mary Lou Herron, as Guardians of the Person and Estate of Cadence Nevaeh McGuire, a Minor; Mary Lou Herron, Adminstratrix of the Estates of Jessica M. McGuire and Brinley McGuire, a minor, for their Wrongful Deaths; and Charles Jeff Gardner, Administrator of the Estate of Nicholas McGuire, and for his Wrongful Death (collectively the "Plaintiffs") vs. APAC of Tennessee, Inc., Superior Traffic Control-Memphis, Inc., J.E. Phillips & Sons, Inc., Best Truck & Trailer, Inc., Richard Carl Adams and Wabash National Corporation a/k/a and d/b/a Wabash National Trailer Centers, Inc.</u>, Case No. 3:16CV-127-DPM-PSH (the "Action"), now pending in the United States District Court for the Eastern District of Arkansas, Jonesboro Division, and understand the terms thereof.

I agree (i) that I will not use the CONFIDENTIAL Discovery Material as such term is defined in the Order for any purpose other than in connection with the prosecution or defense of the Action; (ii) that I will not further disclose or disseminate the confidential Discovery Material except in testimony taken in the Action; and, (iii) that I will otherwise comply with the terms of the Order.

I will return to counsel at the conclusion of my involvement in the Action, or at the conclusion of the Action, whichever is earlier, all CONFIDENTIAL Discovery Material that has been provided to me and all copies thereof, and I shall not make any copies of CONFIDENTIAL Discovery Material except as is necessary in connection with my participation in the Action.

Dated: _____   _____
                            Signature

                            _____
                            Print Name

                            _____
                            Address

                            _____
                            Address