IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
JONESBORO DIVISION

KENNY HERRON and MARY LOU
HERRON, as Guardians of the Person and
Estate of Cadence Nevaeh McGuire, a minor;
MARY LOU HERRON, Administratrix of the
Estates of Jessica M. McGuire and Brinley M.
McGuire, a minor, and for their Wrongful
Deaths; and CHARLES JEFF GARDNER,
Administrator of the Estate of Nicholas
McGuire and for his Wrongful Death                           PLAINTIFFS

v.                          No. 3:16-cv-127-DPM

J E PHILLIPS & SONS, INC.;
BEST TRUCK & TRAILER, INC.;
RICHARD CARL ADAMS; and
WABASH NATIONAL CORPORATION
d/b/a Wabash National Trailer Centers, Inc.                  DEFENDANTS

ORDER

1. At the 15 April 2019 hearing, the Court laid out the framework for trial. The Court will conduct the *voir dire* with backup from counsel. Each side will get three peremptory strikes, along with the opportunity to seek strikes for cause and make *Batson* or *J.E.B.* challenges. We'll have a twelve-person jury. On the first Monday of trial, we'll select the jury, the Court will give preliminary instructions, and counsel will open. Plaintiffs will have forty-five minutes for their opening statement; and defendants will split an equivalent amount of time. We'll start the proof

Tuesday morning. The Court prefers to run on a school day, from 8:30 a.m. until 3:30 or 4:00 p.m. Starting Tuesday, counsel should be prepared to give a three-minute statement about the proof expected that day. The jury will be able to ask clarifying questions of witnesses. No speaking objections will be allowed.

**2.** For the reasons stated on the record at the hearing, the Court made the following rulings on pending motions.

- Wabash's motion *in limine* (joined by Best, Phillips, and Adams) to exclude Przybyla's testimony on Nicholas McGuire's reaction time, № 283, is denied.

- Best's motion *in limine* to exclude Rhoades's testimony on Best-related issues, № 284, is denied with instructions, clarifications, and a caveat about a limiting instruction.

- Wabash's motion *in limine* (joined by Best, Phillips, and Adams) to exclude Marsh, № 285, is tentatively granted. The Court will make a final ruling before trial.

- Wabash's motion *in limine* (joined by Phillips and Adams) to exclude Wade's weld and defect opinions and Rhoades's weld and defect opinions, № 286, is denied.

- Defendants' omnibus motion *in limine*, № 287, is mostly granted and partly denied.

- Phillips and Adams's motion *in limine* to exclude Przybyla and Rhoades, № 290, is denied as moot in light of the Court's other rulings.

- Plaintiffs' motion *in limine*, № 291, is mostly granted and partly denied.

- Plaintiffs' motion *in limine* regarding the minor's statements, № 293, is denied.

- Best's joinder in Wabash's motions, № 288, is approved.

Plaintiffs' *ore tenus* motion to exclude any reference to counsel's prior use of Bentley as an expert is denied.

**3.** A revised set of proposed jury instructions, a list of suggested *voir dire* topics, a revised estimate of time needed for examination of each witness, and any revised deposition designations are due by 3 May 2019. Plaintiffs must also notify the Court by that date if Rhoades will be unable to testify at trial for medical reasons. Plaintiffs may file this notice under seal.

So Ordered.

*/s/ DPMarshall Jr.*
D.P. Marshall Jr.
United States District Judge

17 April 2019