IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
JONESBORO DIVISION

KENNY HERRON and MARY LOU
HERRON, as Guardians of the Person and
Estate of Cadence Nevaeh McGuire, a minor;
MARY LOU HERRON, Administratrix of the
Estates of Jessica M. McGuire and Brinley M.
McGuire, a minor, and for their Wrongful
Deaths; and CHARLES JEFF GARDNER,
Administrator of the Estate of Nicholas
McGuire and for his Wrongful Death                                    PLAINTIFFS

v.                              No. 3:16-cv-127-DPM

J E PHILLIPS & SONS, INC.; BEST TRUCK
& TRAILER, INC.; RICHARD CARL
ADAMS; and WABASH NATIONAL
CORPORATION d/b/a Wabash
National Trailer Centers, Inc.                                        DEFENDANTS

ORDER

1. The Court appreciates the parties' updated witness lists, № 334 & 335. By the Court's count, rounding to the nearest hour, the parties estimate between thirty-five and forty-nine hours of direct examination. No cross examination is included in those estimates. There is, though, some overlap. All material things considered, the Court concludes that the remaining issues in this case can be fairly and adequately presented to the jury in approximately forty hours. Each side will have twenty hours to make its case. Each side's total covers

time for direct and cross examination of all witnesses (including deposition testimony), opening statement, mini-openings, bench conferences prompted by a party's objection, and closing argument. *Voir dire*, jury questions, bench conferences about the jury instructions, and motion hearings are excluded from the parties' time.

**2.** The Court thanks plaintiffs for their report about Rhoades, and is glad he's able to attend the trial.

**3.** The Court appreciates the parties' joint report about the settlements between the parties regarding Best and Wabash. Each party is entitled to resolve its claims against other parties on whatever terms are agreed at arm's length. Defendants have made a deal about potential contribution rights. Plaintiffs object, but they are not parties to the defendants' bargain. Plaintiffs' objection is overruled. Because of the marginal disagreement, the label "stipulation" is not entirely accurate, but it will do because the document is really a compilation of agreements. Plaintiffs have made their record on whether to mention the contribution issue now. The Court does not intend to cover contribution law with the jury. But, as requested, the Court intends to ask the jury to apportion fault among all involved. With the help of all counsel, the Court will address any contribution issues post-verdict in the Judgment. Defendants' proposed stipulation, № 337-1, approved. Please file a clean copy.

**4.** The Court is working through the deposition-designation disputes.

So Ordered.

*W.P. Marshall Jr.*
D.P. Marshall Jr.
United States District Judge

14 May 2019