IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
JONESBORO DIVISION

KENNY HERRON and MARY LOU
HERRON, as Guardians of the Person and
Estate of Cadence Nevaeh McGuire, a minor;
MARY LOU HERRON, Administratrix of the
Estates of Jessica M. McGuire and Brinley M.
McGuire, a minor, and for their Wrongful
Deaths; and CHARLES JEFF GARDNER,
Administrator of the Estate of Nicholas
McGuire and for his Wrongful Death					PLAINTIFFS

v.					No. 3:16-cv-127-DPM

J E PHILLIPS & SONS, INC.; BEST TRUCK
& TRAILER, INC.; RICHARD CARL
ADAMS; and WABASH NATIONAL
CORPORATION d/b/a Wabash
National Trailer Centers, Inc.					DEFENDANTS

## ORDER

The Court's rulings on the deposition designation disputes are in the margin of the parties' joint report, № 333, which is attached to this Order.

So Ordered.

*D.P. Marshall Jr.*
D.P. Marshall Jr.
United States District Judge

14 May 2019

*DPM Rulings*
*WPM J.*
*14 May 2019*

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
JONESBORO DIVISION

KENNY HERRON, et al.,

    Plaintiffs,

vs.                                  No. 3:16-CV-127-DPM

J.E. PHILLIPS AND SONS, INC., et al.,

    Defendants.

**REVISED JOINT REPORT ON DEPOSITION DESIGNATION DISPUTES**

COME NOW the Parties, by and through their counsel, and submit this Revised Joint Report on Deposition Designation Disputes. The Parties exchanged their deposition designations and then met in-person on February 25 and 26, 2019, to discuss their disputes over the designations, counter-designations, and objections. Following the hearing on April 15, 2019, the following disputes remain for the Court to resolve:

**Plaintiffs' Deposition Designations**

1. **Richard Adams (Defendant) – Exhibit A**

    a. <u>Plaintiffs' Unresolved Objections to Defendants' Counter-Designations</u>

    <u>Plaintiffs' Objections</u>: Regarding construction signage and the accident scene: (i) Page 65, line 22 through page 66, line 9; (ii) Page 66, line 12 through page 67, line 24; (iii) Page 88, lines 12-22; (iv) 108, line 22 through page 109, line 11; and (v) Page 110, lines 18-25: speculation, guessing, could not identify what signs were present, lack of knowledge, lack of foundation, inadmissible, overly broad, irrelevant. *All overruled.*

Defendants' Response: This is relevant testimony by a party concerning what he observed at the scene of the accident and is admissible opinion testimony under Rule 701 because it is rationally based on his perception.

Plaintiffs' Objection: Page 101, line 22 (from "but") through page 102, line 1: speculation, post manufacture date specs not relevant to the subject trailer, lack of foundation, inadmissible  *Overruled.*

Defendants' Response: This is relevant and admissible testimony that explains the scope of the witness's knowledge about underride guards and must be admitted to fully explain the scope of his knowledge in response to Plaintiffs' counsel's question.

Plaintiffs' Objection: Page 112, line 18 through page 113, line 9: irrelevant, speculation, confuses the issues, misleads the jury, lack of foundation, improper lay witness testimony  *Sustained. Irrelevant.*

Defendants' Response: This is admissible opinion testimony under Rule 701 because it is rationally based on his perception.

Plaintiffs' Objection: Page 114, line 23 through page 115, line 3: speculation, witness previously testified that he did not know how many feet he rolled forward, guessing.  *Overruled.*

Defendants' Response: This is relevant testimony by a party concerning what he observed at the scene of the accident and is admissible opinion testimony under Rule 701 because it is rationally based on his perception.

Plaintiffs' Objection: Page 118, lines 15-19: leading question, unresponsive.  *Overruled.*

Defendants' Response: This question was asked during cross-examination by another party when leading questions are permissible. The answer is responsive to the question.

Plaintiffs' Objection: Page 118, line 25 through page 119, line 5: leading question  *Overruled.*

2

Defendants' Response: This question was asked during cross-examination by another party when leading questions are permissible.

Plaintiffs' Objection: Page 120, lines 4-18: objection to form, leading question. *Overruled.*

Defendants' Response: These questions were asked during cross-examination by another party's attorney. Therefore, leading questions are permissible. Further, this is a clarification answer that is admissible opinion testimony under Rule 701 because it is rationally based on his perception.

Plaintiffs' Objection: Page 122, lines 9-12; and Page 122, lines 15-18: objection to form, leading question, speculative, lack of foundation. *Overruled.*

Defendants' Response: This question was asked during cross-examination by another party when leading questions are permissible. This is relevant testimony by a party concerning what he observed at the scene of the accident and is admissible opinion testimony under Rule 701 because it is rationally based on his perception.

Plaintiffs' Objection: Page 123, lines 8-12: leading question, speculation, lack of foundation, lack of knowledge. *Overruled.*

Defendants' Response: These questions were asked during cross-examination by another party's attorney. Therefore, leading questions are permissible. Further, this is relevant testimony by a party concerning what he observed and perceived at the scene of the accident. This is admissible opinion testimony under Rule 701 because it is rationally based on his perception, helpful to clearly understand his testimony and a fact at issue, and is not based on scientific, technical, or other specialized knowledge within the scope of Rule 702.

b. Defendants' Unresolved Objections to Plaintiffs' Designations

Defendants' Objection: Regarding JEP's previous accidents: (i) Page 33, line 8 through page 34, line 2; and (ii) Page 34, lines 7-18: Testimony regarding JEP's previous accidents is irrelevant, confuses the issues, and speculative. Plaintiffs have not made a showing of substantial similarity between any of JEP's prior accidents and Mr. McGuire's collision with Mr. Adam's tractor-trailer. (See Transcript of Motions Hearing, Apr. 15, 2019, Doc. No. 329, at 13-15.)

Plaintiffs' Response: Relevant to show the safety and maintenance practices of JEP, as well as, the absence of training and safety instruction to JEP's Defendant Driver Richard Adams. In spite of JEP's drivers being involved in rear end accidents during the three years prior to the subject accident, Defendant employee/driver Adams had never been provided any information regarding safety to prevent rear end accidents.

*[Handwritten: Sustained. Insufficient showing of substantial similarity. Will revisit if TT proffers evid. of substantial similarity.]*

2. Brian Belcher (Wabash Rule 30(b)(6) Witness) – Exhibit B

a. Plaintiffs' Unresolved Objections to Defendants' Counter-Designations

Plaintiffs Objection: Page 18, lines 5-8, 11-15, 17: irrelevant, confuses the issues, misleads the jury, speculation, overly broad.

*[Handwritten: Sustained. Question too broad. Insufficient foundation with details lining up with this case.]*

Defendants' Response: Relevant to the claims of product design defect and unreasonably dangerous product. Evidence of no accidents is proof of no defect. *Higgins v. Hicks Co.*, 756 F.2d 681, 685 (8th Cir. 1985); *Sturm v. Clark Equip. Co.*, 732 F.2d 161 (8th Cir. 1984).

*[Handwritten: Not precedent; unpublished opinion.]*

3. Amanda Carver (J.E. Phillips Rule 30(b)(6) Witness) – Exhibit C

a. Defendants' Unresolved Objections to Plaintiffs' Designations

Defendants' Objection: Page 13, lines 17 through page 14, line 6: Calls for impermissible expert opinion and speculation, there is a lack of foundation, and the witness lacks knowledge.

*[Handwritten: Overruled.]*

4

Plaintiffs' Response: JEP designated Amanda Carver as the JEP 30(B)(6) representative with knowledge about safety. (JEP Designations and Objections to Plaintiffs' Notice of 30(B)(6) Videotape Deposition to JEP p. 8, 13).

Defendants' Objection: Page 20, lines 5-10: The question is ambiguous and vague because it is unclear whether the question and testimony refer to a truck stopping for its own accident as a routine stop or whether they refer to a truck stopping in traffic due to some other car's accident as a routine stop. *Overruled.*

Plaintiffs' Response: The question is not ambiguous and vague.

Defendants' Objection: Regarding JEP's prior accidents and trucking accidents in general: (i) Page 26, line 21-24; and (ii) Page 27, lines 3-15: JEP's prior accidents are irrelevant and confuse the issues. Plaintiffs have not made a showing of substantial similarity between any of JEP's prior accidents and Mr. McGuire's collision with Mr. Adam's tractor-trailer. (See Transcript of Motions Hearing, Apr. 15, 2019, Doc. No. 329, at 13-15.) *Sustained. Same ruling and caveat as on Adams's proposed other-accident testimony.*

Plaintiffs' Response: JEP designated Amanda Carver as the JEP 30(B)(6) representative with knowledge about safety. (JEP Designations and Objections to Plaintiffs' Notice of 30(B)(6) Videotape Deposition to JEP p. 8, 13). This is relevant to show the safety practices and training of JEP. In spite of JEP's drivers being involved in rear end accidents during the three years prior to the subject accident, Defendant employee/driver Adams had never been provided any information regarding safety to prevent rear end accidents.

Defendants' Objection: Ms. Carver's personal driving expectations: (i) Page 28, lines 8-17; and (ii) Page 29, lines 1-8: What Ms. Carver may see when she is driving on her personal time is irrelevant and the question lacks a foundation. *Overruled.*

5

Plaintiffs' Response: JEP designated Amanda Carver as the JEP 30(B)(6) representative with knowledge about safety. (JEP Designations and Objections to Plaintiffs' Notice of 30(B)(6) Videotape Deposition to JEP p. 8, 13). She provides the safety training for JEP's commercial truck drivers, including defendant Adams.

Defendants' Objection: Regarding the purpose of underride bars: (i) Page 30, lines 12-16; and (ii) Page 31, lines 7-12 and 21-23: The question calls for Ms. Carver to speculate regarding the industry-wide purpose for underride guards and why trailer manufacturers use them. Further, there is a lack of foundation and Ms. Carver lacks the knowledge necessary to respond. *Overruled.*

Plaintiffs' Response: JEP designated Amanda Carver as the JEP 30(B)(6) representative with knowledge about safety. (JEP Designations and Objections to Plaintiffs' Notice of 30(B)(6) Videotape Deposition to JEP p. 8, 13). This is relevant to show the safety practices and training of JEP.

Defendants' Objection: Page 39, lines 7-21: Irrelevant because a vehicle was not left in a traveled portion of the roadway in this case. Calls for speculation. *Overruled.*

Plaintiffs' Response: JEP designated Amanda Carver as the JEP 30(B)(6) representative with knowledge about safety. (JEP Designations and Objections to Plaintiffs' Notice of 30(B)(6) Videotape Deposition to JEP p. 8, 13). This is relevant to show the safety practices and training of JEP.

4. **Billy McClure (Best Rule 30(b)(6) Witness) – Exhibit D**

   a. Defendants' Unresolved Objections to Plaintiffs' Designations

Defendants' Objection: Page 18, lines 18 through page 19, lines 1-3: inadmissible opinion testimony regarding the appropriate operation of tractor-trailers from a lay witness. The witness has not been established or qualified as an expert. Plaintiffs listed him as a lay witness

6

only. He was not disclosed as an expert by Plaintiffs, nor have Plaintiffs provided any expert disclosures required by FRCP 26. Further, he was not designated as an expert by Phillips or Adams because their cross-designations of co-defendants' experts were only intended to cross-designate retained experts, not employees that Best listed in its designation to "testify in defense of Best". ~~Overruled~~ Sustained.

Plaintiffs' Response: Defendant Best listed Billy McClure as an expert witness, in their original Rule 26 disclosure, who would testify in defense of Best and offer facts and opinions substantially similar to those given in his deposition. [Best's Rule 26(a)(2) Disclosure of Expert Witnesses p. 2). Defendants JEP and Adams chose to "cross-designate the experts disclosed by all co-Defendants and adopt their disclosures as if their own, incorporating them by reference in this document." (JEP and Adams's Rule 26(a)(2) Disclosure of Expert Witnesses p. 2). Plaintiffs also indicated in their Pretrial Disclosure Sheet that they "reserve the right to elicit, by way of direct examination or cross-examination, opinion testimony from any experts designated and/or called by the Defendants." [Doc. 318, p. 17].

Defendants' Objection: Page 26, lines 3-10: inadmissible opinion testimony regarding the appropriate condition of a tractor-trailer for operation on the road from a lay witness. The witness has not been established or qualified as an expert. Plaintiffs listed him as a lay witness only. He was not disclosed as an expert by Plaintiffs, nor have Plaintiffs provided any expert disclosures required by FRCP 26. Further, he was not designated as an expert by Phillips or Adams because their cross-designations of co-defendants' experts were only intended to cross-designate retained experts, not employees that Best listed in its designation to "testify in defense of Best". Overruled on lines 3-5; sustained on lines 6-10.

Plaintiffs' Response: Defendant Best listed Billy McClure as an expert witness, in their original Rule 26 disclosure, who would testify in defense of Best and offer facts and opinions substantially similar to those given in his deposition. [Best's Rule 26(a)(2) Disclosure of Expert Witnesses p. 2). Defendants JEP and Adams chose to "cross-designate the experts disclosed by all co-Defendants and adopt their disclosures as if their own, incorporating them by reference in this document." (JEP and Adams's Rule 26(a)(2) Disclosure of Expert Witnesses p. 2). Plaintiffs also indicated in their Pretrial Disclosure Sheet that they "reserve the right to elicit, by way of direct examination or cross-examination, opinion testimony from any experts designated and/or called by the Defendants." [Doc. 318, p. 17].

5. **Ralph McClure (Best Rule 30(b)(6) Witness) – Exhibit E**

   a. Defendants' Unresolved Objections to Plaintiffs' Designations

   Defendants' Objection: Page 59, line 8 through page 60, lines 9: inadmissible opinion testimony regarding the appropriate condition of a tractor-trailer for operation on the road from a lay witness. The witness has not been established or qualified as an expert. Plaintiffs listed him as a lay witness only. He was not disclosed as an expert by Plaintiffs, nor have Plaintiffs provided any expert disclosures required by FRCP 26. Further, he was not designated as an expert by Phillips or Adams because their cross-designations of co-defendants' experts were only intended to cross-designate retained experts, not employees that Best listed in its designation to "testify in defense of Best". *Overruled.*

   Plaintiffs' Response: Mr. Ralph McClure is experienced in trailer repair, mechanics and trailer fabrication/extension. Further, Defendant Best listed Ralph McClure as an expert witness, in their original Rule 26 disclosure, who would testify in defense of Best and offer facts and opinions substantially similar to those given in his deposition. [Best's Rule 26(a)(2) Disclosure

8

of Expert Witnesses p. 2). Defendants JEP and Adams chose to "cross-designate the experts disclosed by all co-Defendants and adopt their disclosures as if their own, incorporating them by reference in this document." (JEP and Adams's Rule 26(a)(2) Disclosure of Expert Witnesses p. 2). Plaintiffs also indicated in their Pretrial Disclosure Sheet that they "reserve the right to elicit, by way of direct examination or cross-examination, opinion testimony from any experts designated and/or called by the Defendants." [Doc. 318, p. 17].

Defendants' Objection: Page 70, lines 9-20: inadmissible opinion testimony regarding the appropriate condition of a tractor-trailer for operation on the road from a lay witness. The witness has not been established or qualified as an expert. Plaintiffs listed him as a lay witness only. He was not disclosed as an expert by Plaintiffs, nor have Plaintiffs provided any expert disclosures required by FRCP 26. Further, he was not designated as an expert by Phillips or Adams because their cross-designations of co-defendants' experts were only intended to cross-designate retained experts, not employees that Best listed in its designation to "testify in defense of Best". *Sustained.*

Plaintiffs' Response: Relevant to show Defendant Driver's and Trucking Company, JEP's, failure to maintain and inspect the trailer pursuant to the requisite Federal Regulations. Mr. Ralph McClure is experienced in trailer repair, mechanics and trailer fabrication/extension. Further, Defendant Best listed Ralph McClure as an expert witness, in their original Rule 26 disclosure, who would testify in defense of Best and offer facts and opinions substantially similar to those given in his deposition. [Best's Rule 26(a)(2) Disclosure of Expert Witnesses p. 2). Defendants JEP and Adams chose to "cross-designate the experts disclosed by all co-Defendants and adopt their disclosures as if their own, incorporating them by reference in this document." (JEP and Adams's Rule 26(a)(2) Disclosure of Expert Witnesses p. 2). Plaintiffs also indicated in

their Pretrial Disclosure Sheet that they "reserve the right to elicit, by way of direct examination or cross-examination, opinion testimony from any experts designated and/or called by the Defendants." [Doc. 318, p. 17].

Defendants' Objection: Page 71, lines 10-24: inadmissible opinion testimony regarding the absorption of the impact of a vehicle from a lay witness. The witness has not been established or qualified as an expert. Plaintiffs listed him as a lay witness only. He was not disclosed as an expert by Plaintiffs, nor have Plaintiffs provided any expert disclosures required by FRCP 26. Further, he was not designated as an expert by Phillips or Adams because their cross-designations of co-defendants' experts were only intended to cross-designate retained experts, not employees that Best listed in its designation to "testify in defense of Best". Sustained.

Plaintiffs' Response: Mr. Ralph McClure is experienced in trailer repair, mechanics and trailer fabrication/extension. Further, Defendant Best listed Ralph McClure as an expert witness, in their original Rule 26 disclosure, who would testify in defense of Best and offer facts and opinions substantially similar to those given in his deposition. [Best's Rule 26(a)(2) Disclosure of Expert Witnesses p. 2). Defendants JEP and Adams chose to "cross-designate the experts disclosed by all co-Defendants and adopt their disclosures as if their own, incorporating them by reference in this document." (JEP and Adams's Rule 26(a)(2) Disclosure of Expert Witnesses p. 2). Plaintiffs also indicated in their Pretrial Disclosure Sheet that they "reserve the right to elicit, by way of direct examination or cross-examination, opinion testimony from any experts designated and/or called by the Defendants." [Doc. 318, p. 17].

Defendants' Objection: Page 72, lines 4-7: This is objectionable testimony because it relates back to objectionable testimony at page 61, lines 1-19 that is from the witness regarding other unrelated wrecked trailers that is irrelevant, speculative, lacks foundation, and constitutes

10

impermissible opinion testimony regarding the rear-end collisions from a lay witness and impact upon rear impact guards from other, unrelated collisions. The witness has not been established or qualified as an expert. Plaintiffs listed him as a lay witness only. He was not disclosed as an expert by Plaintiffs, nor have Plaintiffs provided any expert disclosures required by FRCP 26. Further, he was not designated as an expert by Phillips or Adams because their cross-designations of co-defendants' experts were only intended to cross-designate retained experts, not employees that Best listed in its designation to "testify in defense of Best". *Sustained.*

Plaintiffs' Response: Mr. Ralph McClure is experienced in trailer repair, mechanics and trailer fabrication/extension. Further, Defendant Best listed Ralph McClure as an expert witness, in their original Rule 26 disclosure, who would testify in defense of Best and offer facts and opinions substantially similar to those given in his deposition. [Best's Rule 26(a)(2) Disclosure of Expert Witnesses p. 2). Defendants JEP and Adams chose to "cross-designate the experts disclosed by all co-Defendants and adopt their disclosures as if their own, incorporating them by reference in this document." (JEP and Adams's Rule 26(a)(2) Disclosure of Expert Witnesses p. 2). Plaintiffs also indicated in their Pretrial Disclosure Sheet that they "reserve the right to elicit, by way of direct examination or cross-examination, opinion testimony from any experts designated and/or called by the Defendants." [Doc. 318, p. 17].

Defendants' Objection: Page 87, lines 1-22 and Page 87, line 24 through page 88, lines 1, 9-14: inadmissible opinion testimony regarding the appropriate condition of a tractor-trailer for operation on the road from a lay witness. The witness has not been established or qualified as an expert. Plaintiffs listed him as a lay witness only. He was not disclosed as an expert by Plaintiffs, nor have Plaintiffs provided any expert disclosures required by FRCP 26. Further, he was not designated as an expert by Phillips or Adams because their cross-designations of co-

*Overruled on p. 87, lines 1-22.*

11

*Sustained on p. 87, line 24 – p. 88, line 1 & lines 9-14.*

defendants' experts were only intended to cross-designate retained experts, not employees that Best listed in its designation to "testify in defense of Best".

Plaintiffs' Response: Mr. Ralph McClure is experienced in trailer repair, mechanics and trailer fabrication/extension. Further, Defendant Best listed Ralph McClure as an expert witness, in their original Rule 26 disclosure, who would testify in defense of Best and offer facts and opinions substantially similar to those given in his deposition. [Best's Rule 26(a)(2) Disclosure of Expert Witnesses p. 2). Defendants JEP and Adams chose to "cross-designate the experts disclosed by all co-Defendants and adopt their disclosures as if their own, incorporating them by reference in this document." (JEP and Adams's Rule 26(a)(2) Disclosure of Expert Witnesses p. 2). Plaintiffs also indicated in their Pretrial Disclosure Sheet that they "reserve the right to elicit, by way of direct examination or cross-examination, opinion testimony from any experts designated and/or called by the Defendants." [Doc. 318, p. 17].

6. **Billy Phillips (J.E. Phillips Rule 30(b)(6) Witness) – Exhibit F**

   a. <u>Defendants' Unresolved Objections to Plaintiffs' Designations</u>

   Defendants' Objection: Page 9, line 16 through page 10, line 9: The amount of money that JEP received as part of its contract with the U.S. Postal Service is irrelevant, especially because punitive damages are no longer available, and this evidence will only by highly prejudicial and mislead the jury. *Sustained.*

   Plaintiffs' Response: Relevant to show Defendant Driver's and Trucking Company, JEP's, failure to maintain and inspect the trailer pursuant to the requisite Federal Regulations. Mr. Ralph McClure is experienced in trailer repair, mechanics and trailer fabrication/extension. Further, Defendant Best listed Ralph McClure as an expert witness, in their original Rule 26

disclosure, who would testify in defense of Best and offer facts and opinions substantially similar to those given in his deposition. [Best's Rule 26(a)(2) Disclosure of Expert Witnesses p. 2).

7. **Chris Taylor (J.E. Phillips Rule 30(b)(6) Witness) – Exhibit G**

   a. <u>Plaintiffs' Unresolved Objections to Defendants' Counter-Designations</u>

   <u>Plaintiffs' Objection</u>: Regarding whether it is acceptable to paint over trailer lights: (i) Page 22, lines 19-21; and (ii) Page 24, line 23 through page 25, line 17: lack of knowledge, lack of foundation. *Sustained. Overruled from p. 24, line 22 to p. 25, line 5 ending at "the door." Sustained on the rest. (All overruled.)*

   <u>Defendants' Response</u>: Testimony by one of JEP's Rule 30(b)(6) witnesses and JEP's shop foreman on the company's policy and whether it is acceptable to paint over reflectors is directly relevant to one of Plaintiffs' principal claims against JEP

   b. <u>Defendants' Unresolved Objections to Plaintiffs' Designations</u>

   <u>Defendants' Objection</u>: Page 12, line 22 through page 13, line 12: As the shop foreman, Mr. Taylor lacks knowledge about what a driver is supposed to do during a stop. Further, the questions and testimony are ambiguous and vague because they are not clear whether they are in reference to a truck stopped in traffic or a truck stopped due to an accident or mechanical issues. *Overruled.*

   <u>Plaintiffs' Response</u>: Defendant JEP listed Chris Taylor as an expert witness, in their original Rule 26 disclosure, who would testify in defense of JEP and offer facts and opinions substantially similar to those given in his deposition. [JEP's Rule 26(a)(2) Disclosure of Expert Witnesses p. 2). Relevant to custom, usage and habit. F.R.E 406. Further, Mr. Taylor is a licensed CDL driver and uses his license to facilitate his work for JEP.

   <u>Defendants' Objection</u>: Page 23, lines 13-19: Mr. Taylor does not know why the lights were painted over and speculates as to the reason. Further, the wiring issue has been excluded *Overruled.*

13

pursuant to a summary judgment granted to Best. It is undisputed that the lights were painted over, and it is irrelevant why the lights were painted.

Plaintiffs' Response: JEP designated Mr. Taylor as the person as the JEP 30(B)(6) representative with knowledge about the repair and maintenance of the truck/trailer. (JEP Designations and Objections to Plaintiffs' Notice of 30(B)(6) Videotape Deposition to JEP p. 7).

8. **Carl Woods (Best Rule 30(b)(6) Witness) – Exhibit H**

    a. Defendants' Unresolved Objections to Plaintiffs' Designations

    Defendants' Objection: Page 20, line 21 through page 21, line 2, and page 21, lines 9-16: inadmissible opinion testimony regarding the appropriate condition of a tractor-trailer for operation on the road from a lay witness. The witness has not been established or qualified as an expert. Plaintiffs listed him as a lay witness only. He was not disclosed as an expert by Plaintiffs, nor have Plaintiffs provided any expert disclosures required by FRCP 26. Further, he was not designated as an expert by Phillips or Adams their cross-designations of co-defendants' experts were only intended to cross-designate retained experts, not employees that Best listed in its designation to "testify in defense of Best". *Sustained.*

    Plaintiffs' Response: Relevant to show Defendant Driver's and Trucking Company, JEP's, failure to maintain and inspect the trailer pursuant to the requisite Federal Regulations. Mr. Carl Woods is experienced in trailer repair, mechanics and trailer fabrication/extension. Further, Defendant Best listed Carl Woods as an expert witness, in their original Rule 26 disclosure, who would testify in defense of Best and offer facts and opinions substantially similar to those given in his deposition. [Best's Rule 26(a)(2) Disclosure of Expert Witnesses). Defendants JEP and Adams chose to "cross-designate the experts disclosed by all co-Defendants and adopt their disclosures as if their own, incorporating them by reference in this document."

(JEP and Adams's Rule 26(a)(2) Disclosure of Expert Witnesses p. 2). Plaintiffs also indicated in their Pretrial Disclosure Sheet that they "reserve the right to elicit, by way of direct examination or cross-examination, opinion testimony from any experts designated and/or called by the Defendants." [Doc. 318, p. 17].

Respectfully submitted,

**COUNSEL FOR PLAINTIFFS**

/s/ Bruce D. Brooke
Bruce D. Brooke (TN Bar #4521)
Fargarson & Brooke
254 Court Ave., Suite 300
Memphis, TN 38103
bbrooke@fandblaw.com

/s/ Robert S. Addison
Robert S. Addison (MS Bar #1152)
Daniel Coker Horton & Bell, P.A.
4400 Old Canton Road, Suite 400 (39211)
Post Office Box 1084
Jackson, MS 39215-1084
raddison@danielcoker.com

**COUNSEL FOR J.E. PHILLIPS & SONS, INC. AND RICHARD ADAMS**

/s/ W. Timothy Hayes, Jr.
W. Timothy Hayes, Jr. (TN Bar #13821)
Taylor B. Davidson (TN Bar #30127)
Harris Shelton Hanover Walsh, PLLC
6060 Primacy Parkway, Suite 100
Memphis, TN 38119
Phone: (901) 525-1455
thayes@harrisshelton.com
tdavidson@harrisshelton.com

## CERTIFICATE OF SERVICE

I hereby certify that on this the 8th day of May, 2019, I electronically filed the foregoing with the clerk of the Court by using the CM/ECF system, which will send electronic notice to counsel of record:

- **Bruce D. Brooke**
  bbrooke@fandblaw.com

- **Dustin Lepkowicz**
  dlpkwicz@fandblaw.com

- **Robert S. Addison**
  raddison@danielcoker.com

s/ W. Timothy Hayes
COUNSEL FOR DEFENDANTS