## IN THE UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF ARKANSAS
## JONESBORO DIVISION

KENNY HERRON and MARY LOU
HERRON, as Guardians of the Person and
Estate of Cadence Nevaeh McGuire, a minor;
MARY LOU HERRON, Administratrix of the
Estates of Jessica M. McGuire and Brinley M.
McGuire, a minor, and for their Wrongful
Deaths; and CHARLES JEFF GARDNER,
Administrator of the Estate of Nicholas
McGuire and for his Wrongful Death                    PLAINTIFFS

v.                          No. 3:16-cv-127-DPM

J. E. PHILLIPS & SONS, INC.; BEST TRUCK
& TRAILER, INC.; RICHARD CARL
ADAMS; and WABASH NATIONAL
CORPORATION d/b/a Wabash
National Trailer Centers, Inc.                        DEFENDANTS

### ORDER

Here are the Court's rulings on the issues about the Rhoades and
Wade depositions, № 351. The Trooper McDonald issues are belatedly
raised, tangled, and new. The Court needs more time to sort through
them.

So Ordered.

_DP Marshall Jr._
D.P. Marshall Jr.
United States District Judge
_31 May 2019_

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF ARKANSAS**
**JONESBORO DIVISION**

*DPM J. Rulings*
*on Rhoades*
*and*
*Wade 2019*
*31 May*

**KENNY HERRON, et al.,**

 **Plaintiffs,**

**vs.**          **No. 3:16-CV-127-DPM**

**J.E. PHILLIPS AND SONS, INC., et al.,**

 **Defendants.**

---

**SECOND JOINT REPORT ON DEPOSITION DESIGNATION DISPUTES**

---

COME NOW the Parties and submit this Second Joint Report on Deposition Designation Disputes. Following the submission of the Revised Report on Deposition Designation Disputes, it became apparent that three additional witnesses need to have their testimony presented via deposition rather than live. Trooper Cleyton McDonald is outside of the subpoena power of the Court and has work conflicts that will prevent him from testifying live. Additionally, Plaintiffs have advised Defendants that two of Plaintiffs' experts, G. L. Rhoades and Jerry Wade, had continuing health setbacks that prevent them from appearing live at trial which likewise was evident in the scheduling of both of their depositions and both experts are out of state and reside more than 100 miles away from Jonesboro.

The Parties exchanged their deposition designations, counter-designations, and objections to one another and attempted to resolve any disputes between themselves. However, the following disputes remain for the Court to resolve:

1. **Trooper Cleyton McDonald (Witness) – Exhibit A**

   a. Plaintiffs' Unresolved Objections to Defendants' Designations/Counter-Designations

Plaintiffs' Objections: Page 44, line 7 through page 45, line 11. Improper lay opinion. Witness is not a qualified accident reconstructionist and has never been disclosed as an expert. Plaintiffs did not designated Trooper McDonald as an expert, but instead designated "any investigating and/or attending law-enforcement officer. . . who participated in the accident scene care, removal, [and] investigation of the subject accident" as a rule 702 witness. The trooper was not designated as an accident reconstruction expert, which would require scientific, technical, or other specialized knowledge within the scope of Rule 702.

Defendants' Response: Trooper McDonald was designated as an expert. Plaintiffs identified "any investigating and/or attending law-enforcement officer . . . who participated in the accident scene care, removal, [and] investigation of the subject accident" in their First Designation of: Expert Witnesses; Healthcare Providers; & Federal Rule of Evidence Rule 701 Witnesses on April 10, 2018. Defendants cross-designated Plaintiffs' experts in their Rule 26(a)(2) Disclosure of Expert Witnesses on May 24, 2018. This is also appropriate expert opinion testimony from an experienced investigating officer based on the physical evidence of the accident scene. *See, e.g., Simmons v. Chi. & Nw. Transp. Co.*, 993 F.2d 1326, 1327-28 (8th Cir. 1993).

Plaintiffs' Objections: Page 45, line 22-25. Improper lay opinion. Witness is not a qualified accident reconstructionist and has never been disclosed as an expert. Plaintiffs did not designated Trooper McDonald as an expert, but instead designated "any investigating and/or attending law-enforcement officer. . . who participated in the accident scene care, removal, [and] investigation of the subject accident" as a rule 702 witness. The trooper was not designated as an

accident reconstruction expert, which would require scientific, technical, or other specialized knowledge within the scope of Rule 702.The witness is also not entitled to offer an opinion about "contributing factors". Plaintiffs' legal authority for the inadmissibility of Trooper McDonald's opinions regarding "contributing factors" is as follows:

Any evidence, testimony, and/or reference regarding whether "contributing factors" were marked and/or inserted on the Trooper's Motor Vehicle Accident ("MVA") report should be inadmissible at trial. The Trooper's MVA report identified the contributing factors for Defendant Richard Adams as "none" and the contributing factors for Nicholas McGuire as "careless prohibited driving". There is no evidence that the investigating officer witnessed the accident or that the officer is a certified accident reconstruction expert. As such, the officer is not qualified to give expert testimony that necessarily requires accident reconstruction analysis, and the testimony would invade the province of the jury.

The investigating officers are not qualified to testify as experts on matters of accident reconstruction. There is no presumption that police officers, by virtue of their occupation alone, are qualified experts regarding accident reconstruction. Arkansas law is clear this is not the case. There is a considerable amount of precedent from Arkansas courts finding a police officer did not necessarily have the requisite knowledge to testify as an expert on matters involving accident reconstruction.

In *B. & J. Byers Trucking. Inc. v. Robinson*, 281 Ark. 442, 665 S.W.2d 258 (1984), the plaintiff, Robinson, was injured when his vehicle was struck from behind by a tractor-trailer being driven by an employee of the defendant trucking company. *Id.* at 443, 665 S.W.2d at 259. The plaintiff called the state police officer who investigated the accident as a witness at trial to testify regarding, among other things, who was at fault for the accident. *Id.* On cross

3

examination, the officer was asked whether he thought both parties were equally at fault. *Id.* The officer also testified he had no training in reconstructing accidents, that he had never attempted to reconstruct one, that he only spoke with the truck driver at the accident scene, and that he had not considered other factors, including the weight of the vehicles, their speed, or the grade of the hill on which the accident occurred.. Id. On appeal to the Supreme Court of Arkansas, the Court asserted "attempts to reconstruct traffic accidents by means of expert testimony 'are viewed with disfavor. . .'" *Id.* at 445, 665 S.W.2d at 260. In analyzing the investigating officer's qualifications, the Court held:

> The officer's proffered conclusion of equal fault as between the drivers was essentially based on his expressed belief that Robinson had a right to turn to his left and the truck driver had a right to try to pass a vehicle ahead of his own vehicle. There was no real basis for the witness to testify that the drivers were equally at fault, even assuming the admissibility of such an opinion

Id. at 444, 665 S.W. 2d at 260 (emphasis added).

Similarly, in *Garrett v. Estate of Miller*, No CA02-245, 2003 WL 292634 (Ark. Ct. App. Feb. 12, 2003), the plaintiff brought a wrongful death suit against the estate of the other driver stemming from a head on collision between the two vehicles which killed both drivers. Before trial, the defendant filed multiple motions in limine to prohibit opinion testimony from the investigating officers on the scene, as well as the plaintiff's brother-in-law, a state trooper who investigated the scene of the accident the day after it occurred. *Id.* at * 1 The trial court granted the motions in limine pertaining to the two investigating officers, holding they "would not be permitted to offer expert testimony as to any aspect of the accident, including but not limited to the point of impact of the vehicles and the significance of gouge marks in the roadway" *Id.* at *2. The court also granted the motion in limine to prohibit the plaintiff's brother-in-law from testifying as an expert witness, reasoning "[h]e did not investigate the accident in his official capacity as a state trooper and he has no expertise in accident reconstruction." *Id.* (emphasis

4

added) On appeal, the Court held this ruling was not an abuse of discretion on the trial court's part and affirmed the decision. *Id.* at *. 3. See also *Ball v. Cameron*, 282 Ark. 357, 668 S.W.2d 942 (1984) (holding that state trooper who investigated the scene was not qualified to give expert testimony regarding the speed of one of the vehicles).

These cases demonstrate that any presumption that police officers are experts in accident reconstruction by virtue of their profession alone is mistaken. There must still be a showing of some specialized knowledge, training, or education in the field of accident reconstruction before a police officer may testify as an expert in that field. Plaintiff has failed to satisfy this requirement in this case. There is no evidence the investigating officers are certified accident reconstruction experts, or that they witnessed the accident at issue. The "findings" in the MVA report amount to a reconstruction of the accident scene, and there is no evidence the investigating officer who authored the report possessed the requisite abilities and training to assert these opinions. As such, any opinions in the MVA report are irrelevant, prejudicial, and inadmissible. Accordingly, any evidence, testimony, and/or reference to the findings in the MVA report should be inadmissible at trial

Testimony regarding "contributing factors" is inadmissible.

Even assuming the investigating officer is qualified to give expert testimony regarding accident reconstruction, which he is not, any evidence, testimony and/or reference at trial pertaining to the "contributing factors" listed in the MVA report is still inadmissible.

In *Higgs v. Hodges*, 16 Ark. App. 146, 697 S.W.2d 943 (1985), a woman was involved in an accident after merging onto Interstate 40 and losing control of her vehicle on an icy overpass The defendant was traveling behind the woman at the time, and ran into her vehicle after she lost control upon entering the interstate. The woman died from injuries sustained in the accident,

5

and her estate brought suit against the defendant. *Id.* at 147, 697 S.W.2d at 943. After a jury returned a verdict in favor of the defendant, the plaintiff appealed, arguing the trial court erred in admitting expert testimony from the investigating state trooper who opined that the defendant was not driving too fast under the conditions, and that the decedent was driving too fast when entering the interstate. *Id.* at 147, 697 S.W.2d at 943-44.

The Court of Appeals agreed with the plaintiff, holding "the state trooper should not have been permitted to testify concerning his opinion on the speed issue absent some indication that his opinion was based on information that went beyond the experience and understanding of the average juror" *Id.* at 148, 697 S.W.2d at 944. In making this ruling, the Court noted that the issue before the jury was whether the defendant was driving negligently when he collided with the decedent's car. *Id.*

In *Higgs,* the Court observed that Ark. R. Evid. 403 precluded the expert testimony as overly prejudicial.

> Even though the credibility of the trooper's testimony was discredited by the appellant's expert witness, the fact that a state trooper said appellee wasn't driving too fast and the decedent was driving too fast tends to have too much weight with a jury. A state trooper's testimony concerning speed of a car involved in an accident is given a high degree of credibility by the average person. The probative value of the opinion testimony in this case is outweighed by the danger of unfair prejudice

*Higgs* at 149, 697 S.W.2d at 945.

Federal courts have reached similar conclusions applying the Federal Rules of Evidence. In *Zimmer v. Miller Trucking Co.,* 743 F 2d 601 (8th Cir. 1984), two trucks were involved in a fatal accident on Interstate 80. The decedent, Crestwell, pulled his truck over on the right shoulder of the interstate after being overcome by sudden sleepiness. Subsequently, the other truck involved in the accident approached the same portion of the interstate, swerved approximately three feet off the highway and onto the right shoulder, colliding with the left of

Crestwell's parked truck, and ejected him from the windshield. Both drivers died from injuries sustained in the accident. Id. at 602-03

Ciel Baudler, the investigating police officer, arrived shortly after the accident occurred. After completing his investigation, he completed a Report of Motor Vehicle Accident, in which he wrote under a section labeled "Driver/Vehicle Related Contributing Circumstances" that Crestwell contributed to the accident by "illegal or improper parking." *Id.* at 603. The primary issue at trial was whether Crestwell was negligent, and if so, whether his negligence was the proximate cause of the other driver's injuries. *Id.* Before trial, the District Court granted a motion in limine excluding Officer Baudler's opinion about the cause of the collision. *Id.* In making its ruling, the District Court explained:

> Under Rules 701 and 702 the opinion of the expert must be helpful to the trier of the fact In the Court's opinion, the matter to which the expert's testimony would be directed in this case is not only a mixed question of fact and law, but involves an issue that the jurors, as laymen, are as capable of answering as the patrolman.
>
> As in the Court's opinion the patrolman possesses no particular expertise in this area and as a jury is likely to give additional weight to the patrolman's opinion, the challenged portion of the report and opinion of the patrolman on that issue would be more prejudicial than relevant and should also be excluded under Federal Rule of Evidence 403

*Id.* at 603-04.

These cases are directly applicable to the case at bar. The claims against Nicholas McGuire are for negligence. There are several theories of recovery against Defendant Adams, and the Troopers opinions as to "contributing factors" should not be admitted into evidence. The jury is perfectly capable of utilizing their own perception and experience to make this determination based on the evidence available. Any evidence, testimony, and/or reference to the "contributing factors" listed in the MVA report from the investigating officers would only serve to prejudice Plaintiffs at trial. This is especially true given that there is no proof the investigating officers witnessed the accident, or that they are accident reconstruction

7

experts. As indicated above, it is highly likely that any testimony from the investigating officers would be given significant weight by the jury, which is unwarranted Thus, any probative value of this testimony would be substantially outweighed by the danger of unfair prejudice It should be precluded under Fed. R. Evid. 702.

Defendants' Response: Please see Defendants' response to the prior objection. An officer's opinion regarding the cause of an accident is a proper expert opinion in the 8th Circuit. *See, e.g., Simmons*, 993 F.2d 1326, 1327-28 (8th Cir. 1993). The Arkansas state court cases cited by Plaintiffs are inapposite to the case at bar because Trooper McDonald, unlike the officers in the cases cited by Plaintiffs, is an experienced officer. (*See* Trooper McDonald's Deposition, p. 8, l. 24 to p. 10, l. 22.) Plaintiffs lack any proof that would support the exclusion of Trooper McDonald based on the grounds discussed by Arkansas state court cases cited by Plaintiffs.

Further, Trooper McDonald provided the appropriate bases for his opinions, and his opinions will be helpful to a jury based on his experience, knowledge, and investigation of the accident scene directly after the accident occurred.

Plaintiffs' Objection: Page 46, line 15 through page 47, line 25. Improper lay opinion. Witness is not a qualified accident reconstructionist and has never been disclosed as an expert. The witness is also not entitled to offer an opinion about "contributing factors" for the same reasons as indicated in the prior objection.

Defendants' Response: Please see Defendants' responses to the prior two objections.

b. Defendants' Unresolved Objections to Plaintiffs' Designations/Counter-Designations

Defendants' Objection: Page 53, line 17 through page 54, line 11: the written statement within the police report is inadmissible hearsay within hearsay, even though the police report

itself fits within a hearsay exception. *See, e.g., United States v. Taylor*, 462 F.3d 1023, 1026 (8th Cir. 2006).

Plaintiffs' Response: Portions of the report are admissible under FRE 803(8)(A)(iii). Ms. Cohea's statement is admissible as under FRE 803(1) and 803(2). *United States v. Taylor,* as cited by Defendants, is a criminal case, whereas the case at bar is a civil case, which is specifically part of the FRE 803(8)(iii) exception. *See, e.g., Simmons v. Chi. & Nw. Transp. Co.*, 993 F.2d 1326, 1327-28 (8th Cir. 1993); *Hill v. GEICO Ins.,* No. 2:11-CV-02182 at 2 (W.D. Ark., Sept. 26, 2012)

Defendants' Objection: Page 54, line 20 through page 55, line 5: the written statement within the police report is inadmissible hearsay within hearsay, even though the police report itself fits within a hearsay exception. *See, e.g., Taylor*, 462 F.3d at 1026.

Plaintiffs' Response: Portions of the report are admissible under FRE 803(8)(A)(iii). Ms. House's statement is admissible as under FRE 803(1) and 803(2). *United States v. Taylor,* as cited by Defendants, is a criminal case, whereas the case at bar is a civil case, which is specifically part of the FRE 803(8)(iii) exception. *See, e.g., Simmons v. Chi. & Nw. Transp. Co.*, 993 F.2d 1326, 1327-28 (8th Cir. 1993); *Hill v. GEICO Ins.,* No. 2:11-CV-02182 at 2 (W.D. Ark., Sept. 26, 2012)

Defendants' Objection: Page 55, line 9 through page 56, line 9: Defendants reserve objection to the extent any of the pictures of the decedents exceed the Court's three-picture limit of post-accident photographs of the decedents and reserve objection to the extent any of the post-accident photographs are those that either are not agreed to by the parties or chosen by the Court. (See Transcript of Motions Hearing, Apr. 15, 2019, Doc. No. 329, at 76-78.)

9

**Plaintiffs' Response:** Plaintiffs will comply with the Court's ruling as to photographs of the deceased Plaintiffs.

2. **Gilbert L. Rhoades (Plaintiffs' Expert) – Exhibits B, C, and D**

   a. Plaintiffs' Unresolved Objections to Defendants' Counter-Designations

   Volume I - Exhibit B

**Plaintiffs' Objections:** Page 47, line 1 through Page 48, line 1; Page 48, line 5 (from "I haven't") through line 11, lines 13-18, and 20-22; Page 49, lines 12-22; Page 50, line 20 through page 51, line 7:, speculation, referring to third-party source, hearsay, lack of foundation, lack of knowledge, guessing, confuses the issues, misleads the jury, F.R.E. 403, Witness admits he has no opinions on the issue of distracted driving (Page 50, line 20 to Page 51, line 7). ~~Sustained~~ Overruled.

**Defendants' Response:** Plaintiffs are soliciting human factors opinions from Rhoades (see Plaintiffs' designation in Volume II, pp. 76 and 77), and he testified that he is an expert in distracted driving, so this testimony is relevant to those opinions.

**Plaintiff's Objections:** Page 158, lines 11-17: Irrelevant, prejudicial nature outweighed by probative value, F.R.E. 403. Sustained.

**Defendants' Response:** This is relevant to the additional work the expert needs to perform to offer an admissible opinion.

**Plaintiff's Objections:** Page 164, lines 6-23: Irrelevant, no probative value, confuses the issues and misleads the jury, F.R.E. 403. Sustained.

**Defendants' Response:** Plaintiffs designated Page 162, Line 24 – Page 163, Line 23, and Defendants objected. If their designation is allowed, this conditional designation is related to the testimony offered by Plaintiffs and addresses the work needed by Rhoades to render an opinion that is based on a reasonable probability.

Plaintiffs' Objections: Page 167, lines 4-18: Objection to the form, irrelevant, no probative value, confuses the issues and misleads the jury, F.R.E. 403. *Overruled if π uses y*

Defendants' Response: Plaintiffs designated Page 165, Line 24 – Page 167, Line 3, and Defendants objected. If their designation is allowed, this conditional designation is related to the testimony offered by Plaintiffs and addresses the work needed by Rhoades to render an opinion that is based on a reasonable probability.

*2 withdrawn 2.*

Plaintiffs' Objections: Page 204, line 11 ("at 65" only): speculative, lack of foundation, lack of knowledge, witness did not perform an accident reconstruction study as to speed calculation (p. 51, lines 11-18)   *as overruled.*

Defendants' Response: Relevant – The expert gave his opinion as to the speed of the vehicle at impact.

Volume II - Exhibit C

Plaintiff's Objection: Page 11, line 24 through page 12, line 10: speculative, witness previously testified he doesn't know how the photographs were taken (Vol. 1, p. 13, lines 1-11). Witness also admits that he does not have any knowledge of where the pictures were taken in relation to any specific signs (Vol. II, p. 11, lines 10-12).   *Overruled.*

Defendants' Response: Plaintiffs are soliciting human factors opinions from Rhoades (see Plaintiffs' designation at pp. 76 and 77), so this testimony is relevant to those opinions.

Plaintiff's Objection: Page 73, line 25 through page 74, line 13: speculative, lack of foundation, lack of knowledge, witness did not perform an accident reconstruction study as to speed calculation (Vol. I, p. 51, lines 11-18).   *Sustained.*

Defendants' Response: Rhoades is an accident reconstruction expert, so this is relevant to his opinions and the jury can weigh the credibility.

11

Plaintiff's Objection: Page 78, line 23 through page 79, line 4: speculative, lack of foundation, lack of knowledge, witness did not perform an accident reconstruction study as to speed calculation (Vol. I, p. 51, lines 11-18), confuses the issues and misleads the jury, F.R.E. 403.  *Sustained.*

Defendants' Response: Rhoades is an accident reconstruction expert, so this is relevant to his opinions

Plaintiffs' Objection: Page 123, line 19 through page 124, line 3: Irrelevant, speculative, confuses the issues and misleads the jury, F.R.E. 403, subsequent remedial measure F.R.E. 407.  *Overruled.*

Defendants' Response: If Rhoades is allowed to give opinions as to the design of the RIG, this is relevant and necessary for cross-examination.

Plaintiff's Objection: Page 211, line 19 through page 213, line 18: Irrelevant, lack of foundation, lack of knowledge, confuses the issues and misleads the jury, F.R.E. 403.  *Overruled on p. 211, line 19 – p. 212 line 7.*

Defendants' Response: Rhoades is an accident reconstruction expert and an expert in human factors, so this is relevant to his opinions  *Sustained on balance the rest.*

Plaintiffs' Objection: Page 214, lines 1-13 and 16-17: speculative, confuses the issues and misleads the jury, F.R.E. 403, Witness admits he has no opinions on the issue of distracted driving (Vol. I, p. 50, line 20 to Page 51, line 7).  *Overruled.*

Defendants' Response: Rhoades is an accident reconstruction expert and an expert in human factors, so this is relevant to his opinions.  Also, the testimony addresses the credibility of his opinions.

Volume III - Exhibit D

Plaintiffs' Objection: Page 94, lines 4-7: Irrelevant, confuses the issues and misleads the jury, F.R.E. 403  *Overruled.*

12

Defendants' Response: This is relevant to demonstrate the scope of Rhoades' opinion regarding whether trucking companies must be on-site to inspect a trailer extension company's work.

Plaintiffs' Objection: Page 111, lines 6-9: Irrelevant, confuses the issues and misleads the jury, F.R.E. 403     *Overruled, if*

Defendants' Response: This counter-designation was conditional based on whether the Court permits Rhoades to testify regarding welding and the objection to the testimony at Page 110, line 20 through page 111, line 5, page 111, line 15 through page 112, line 4, and page 112, line 14 through page 113, line 3. If the foregoing portions of Rhoades' testimony are used, then this counter-designation is relevant to demonstrate the scope of Rhoades' opinion regarding JEP's need to have a welder on-staff to ensure the welds on the trailer were performed appropriately.

Plaintiffs' Objection: Page 131, lines 11-14: speculative, lack of foundation.     *Overruled.*

Defendants' Response: Rhoades is an accident reconstruction expert, so this is relevant to his opinions.

Plaintiffs' Objection: Page 157, lines 6-23: speculative, lack of foundation.     *Overruled, but should start at p. 156, line 19 for completeness.*

Defendants' Response: Rhoades is an accident reconstruction expert, so this is relevant to his opinions

Plaintiffs' Objection: Page 225, line 25 through Page 228, line 20: Irrelevant, prejudicial nature outweighs any probative value, F.R.E 403.     *Overruled.*

Defendants' Response: This is appropriate cross-examination of an expert's credibility and bias based on the money he earned to provide opinions.

  b.  Defendants' Unresolved Objections to Plaintiffs' Designations

13

Volume I - Exhibit B

Defendants' Objection:  Page 34, lines 6-7 – Expert report is inadmissible hearsay.   *Sustained.*

Plaintiffs' Response: Defense counsel introduced the expert report into evidence at the deposition and questioned the witness about their report. The expert report contains the basis for the expert's opinion, as well as the documents they relied upon and their photographs. F.R.E. 703.

Defendants' Objection: Page 137, lines 2-6: no response is designated with the question   *overruled – if context provided.*

Plaintiffs' Response: This designation is a list of documents in Mr. Rhoades file.

Defendants' Objections:  Page 155, line 25 through page 157, line 7; Page 157, line 21 through page 158, line 10; Page 161, line 14 through page 163, line 23; Page 165, line 24 through page 166, line 13; Page 168, lines 5-13; Page 169, lines 4-8, 15-25; Page 170, lines 11-20; Page 171, lines 6-19; Page 172, lines 5-9 and 13-23; Page 173, line 25 through page 174, line 5; Page 174, lines 9-21; Page 175, lines 1-8 – Not relevant; speculative and inadmissible opinions about rubber transfer from the McGuire's Murano, as stated by Rhoades on Page 158 Lines 2-10, Page 163 Lines 4-15, Page 170 Lines 12-16 and Page 175 Lines 5-8; no testing to confirm the speculative opinions; and additional work is needed to render an opinion with reasonable probability, as he stated on Page 153- 155, 164 and 167, Lines 19-22.   *Sustained.*

Plaintiffs' Response: The witness is identifying and explaining the evidence he observed in the scene photographs which support his opinions, including factual support of rubber transfer on the road, as requested by defense counsel on page 157, line 21-24.

Defendants' Objections: Page 160, lines 6-16 – Speculation for the reasons stated in the previous objection; and no question is designated for the testimony   *Sustained.*

Plaintiffs' Response: The witness is identifying and explaining the evidence he observed in the scene photographs which support his opinions, including factual support of rubber transfer on the road, as requested by defense counsel on page 157, line 21-24.

Defendants' Objections: Page 176, lines 16-23; Page 177, line 10 through page 178, line 12; Page 178, lines 18-25; Page 179, lines 7-22; Page 180, lines 2-14; Page 180, line 20 through page 181, line 12 – Not relevant; speculative and inadmissible opinions about yaw marks from the McGuire's Murano, as stated by Rhoades on Page 180 Lines 7-20 and Page 181, Line 13 through Page 182, Line 4.          Sustained.

Plaintiffs' Response: The witness is identifying and explaining the evidence he observed in the scene photographs which support his opinions, including factual support of rubber transfer on the road, as requested by defense counsel on page 157, line 21-24.

### Volume III - Exhibit D

Defendants' Objection: Page 32, lines 14-20: This testimony is unresponsive to the line of questioning and follow-up regarding Mr. Rhoades' testimony that "you put stuff on there that was going to break" (See 30:14-25). It is also speculative testimony that lacks foundation.   Overruled.

Plaintiffs' Response: On page 32, lines 7 & 9, Defense counsel continues to ask Mr. Rhoades to expand on his answer, which is what Mr. Rhoades is doing on page 32, lines 14-20.

Defendants' Objection: Regarding kinematics: (i) Page 179, lines 5-23; (ii) Page 180, line 24 through page 181, line 4; and (iii) Page 181, line 15 through page 183, line 2: Irrelevant because Rhoades was not disclosed as having kinematic opinions, he is not qualified to offer opinion on kinematics and testified in Volume II of deposition (Page 73, Lines 5-14) that he had not evaluated body kinematics in this case.   Overruled.

Plaintiffs' Response: Mr. Rhoades opinions are not based on kinematics but instead are opinions that the failure of the underride bar allowed severe intrusion into the passenger compartment, which is consistent with head injuries.

Defendants' Objection: Page 158, line 24 through page 159, line 1 and page 159, lines 5-8: The questions by plaintiffs' counsel are leading and the information is irrelevant and misstates the facts in the record. *Overruled.*

Plaintiffs' Response: The question is an appropriate examination of the witness. The information is relevant to Mr. Rhoades opinions concerning the subject case and the question is based on testimony of Adams in his deposition.

Defendants' Objection: Page 167, lines 9-11: Inadmissible opinion that embraces the ultimate issue of the dangerous condition of the RIG. *Overruled.*

Plaintiffs' Response: These are not new, undisclosed expert opinions, but are clarifications and/or elaborations of Mr. Rhoades opinions concerning the quality of the welds and the failure of the underride guard, which are both addressed in Rhoades initial report.

Defendants' Objection: Page 174, lines 2-8, 14-19: These opinions are new, undisclosed expert opinions; and counsel is leading his expert witness. *Overruled.*

Plaintiffs' Response: The question is an appropriate examination of the witness. These are not new and undisclosed expert opinions but are merely clarification and/or elaboration of Mr. Rhoades opinions contained in his initial report. [Plaintiffs Omnibus Exhibit List, Doc. 239-52, Rhoades Initial Report pp. 4-8]

Defendants' Objection: Page 174, line 20 through page 175, line 7: This is an inadmissible opinion regarding prevention of PCI without any technical support based on prior objections. And, the question was asked and answered on pages 168-69. *Overruled.*

Plaintiffs' Response: The witness has previously testified that the purpose of the underride is to prevent and/or mitigate PCI. (page 168, lines 12-17). In the objected designation, the witness is discussing the PCI clearly evidences in the police scene photos.

Defendants' Objection: Page 185, lines 11-18: Rhoades' health is irrelevant and prejudicial.                Sustained.

Plaintiffs' Response: Provides the circumstances and capacity of the witness during the time period between the witness's original disclosures and his three days of deposition testimony.

Defendants' Objection: Page 186, line 8-24: The question is leading and misrepresents testimony, and there is a lack of foundation.        Overruled.

Plaintiffs' Response: The question is an appropriate examination of the witness. It is similar to the questions posed by the Defense Counsel asking the expert to comment on the findings of another expert's findings and observation. The question also reflects the testimony of Mr. Belcher.

Defendants' Objection: Page 186, line 25 through page 188, line 1: The question is leading, contains an improper expert opinion, is hearsay because reading from another expert's report, calls for legal conclusion, is cumulative evidence, and calls for a new, undisclosed expert opinion.        Overruled.

Plaintiffs' Response: The question is an appropriate examination of the witness. It is similar to the questions posed by the Defense Counsel asking the expert to comment on the findings of another expert's findings and observation. The question also reflects the testimony of Mr. Belcher.

17

Defendants' Objection: New, undisclosed opinion and impermissible use of a treatise: (i) Page 189, line 18 through page 190, line 7; and (ii) Page 191, line 7 through Page 192, line 16: These opinions are new, undisclosed opinions. The questions are leading. The questions and testimony use inadmissible hearsay and represent the inadmissible use of a treatise. *Overruled,*

Plaintiffs' Response: The question is an appropriate examination of the witness. This is not new and undisclosed opinions, because Mr. Rhoades addressed these issues in his initial report and rebuttal report. [Plaintiffs Omnibus Exhibit List Doc. 239-52, Rhoades Initial report p. 23; Plaintiffs Omnibus Exhibit List Doc. 239-53, Rhoades Rebuttal Report p.3]. Further, a statement contained in a treatise is not hearsay if it is called to the attention of an expert witness on cross-examination; relied on by the expert on direct examination; and the publication is established as a reliable authority by the expert's admission. F.R.E 803(18).

### 3. Jerry Wade (Plaintiffs' Expert) – Exhibit E

#### a. Plaintiffs' Unresolved Objections to Defendants' Counter-Designations

Plaintiffs' Objection: Page 94, line 24 through page 95, line 5. Outside the Expert's area of expertise. Speculative, without foundation. *Overruled.*

Defendants' Response: This is appropriate cross-examination of the witness to determine the breadth of his opinions and based on his testimony at page 89, lines 12-18.

#### b. Defendants' Unresolved Objections to Plaintiffs' Designations

Defendants' Objection: Page 35, line 20 through page 36, line 1: irrelevant and prejudicial personal opinion. *sustained.*

Plaintiffs' Response: Relevant to the expert's opinions and demonstrates the seriousness of his review and opinions in the case.

Defendants' Objection: Page 72, lines 2 ("If…") through 5 ("…protection."): hearsay; Page 72, lines 2 ("If…") through 18: irrelevant, non-responsive. *sustained.*

Plaintiffs' Response: Relevant to show Mr. Wade's experience in the industry and shows a standard of care in the industry.

Respectfully submitted,

**COUNSEL FOR PLAINTIFFS**

/s/ Bruce D. Brooke
Bruce D. Brooke (TN Bar #4521)
Fargarson & Brooke
254 Court Ave., Suite 300
Memphis, TN 38103
bbrooke@fandblaw.com

**COUNSEL FOR J.E. PHILLIPS & SONS, INC.
AND RICHARD ADAMS**

/s/ W. Timothy Hayes, Jr.
W. Timothy Hayes, Jr. (TN Bar #13821)
Taylor B. Davidson (TN Bar #30127)
Harris Shelton Hanover Walsh, PLLC
6060 Primacy Parkway, Suite 100
Memphis, TN 38119
Phone: (901) 525-1455
thayes@harrisshelton.com
tdavidson@harrisshelton.com

## CERTIFICATE OF SERVICE

I hereby certify that on this the 31st day of May, 2019, I electronically filed the foregoing with the clerk of the Court by using the CM/ECF system, which will send electronic notice to counsel of record:

- **W. Timothy Hayes**
  thayes@harrisshelton.com

- **Taylor B. Davidson**
  tdavidson@harrisshelton.com

s/ Bruce D. Brooke
COUNSEL FOR PLAINTIFFS